**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARTER WARRANTY, LLC,

        Plaintiff,

                                  Case No:  06-10532

v.

                                  Hon. Victoria A. Roberts

DEALER DEVELOPMENT SERVICES, LLC,
RKI WARRANTY SERVICES, INC.,        Magistrate Judge Donald A. Scheer
ROBERT KONZEN, and DANIEL KONZEN,
jointly and severally,

        Defendants,

And

RKI, Inc.

        Plaintiff,                      Case No. 06-10969

v.

CHARTER WARRANTY, LLC and
PAUL PAWLUSIAK,

        Defendants.

_____/

**PROTECTIVE ORDER REGARDING DISCOVERY**

        The Court having Granted in Part Charter Warranty, LLC and Paul Pawlusiak's Motion to Compel Discovery, and finding that the entry of a Protective Order in connection with the compelled production is appropriate,

        IT IS ORDERED that:

        1.      This Protective Order Regarding Discovery ("Protective Order") shall govern all documents and interrogatory answers provided by RKI, Inc. ("RKI"), Dealer Development Services, LLC, RKI Warranty Services, Inc., Robert Konzen or Daniel Konzen (collectively "Defendants"), in response to the interrogatories and requests to produce to which they were ordered by this Court to respond at a hearing held on Thursday, November 2, 2006, being, in

Case No. 06-10532, Interrogatory Nos. 3, 12, 13, and 15 and, in Case Nos. 06-10532 and 06-10969, Requests for Productions Nos. 1, 2, 4, 6, 7, 8, 11, 13, 14, 15, 16, 17, 18, 20, 23, 24, 27, 28, 30, and 32 (hereinafter the "Protected Material");

2.      Protected Material shall be categorized by RKI or Defendants into one of the following classifications:

        a.      "CONFIDENTIAL" or

        b.      "CONFIDENTIAL - ATTORNEY'S EYES ONLY"

With respect to documents, RKI or Defendants shall place the words above, or similar language, clearly on each such page or portion of the Protected Material designated for protection.  In lieu of marking the original of a document, RKI or Defendants may produce the original and a copy for purposes of comparison, and deliver the copy bearing the appropriate markings;

3.      Protected Material classified under paragraph 2(a) above ("CONFIDENTIAL" material) may be disclosed only to the following persons except upon the prior written consent of RKI, Defendants or the Court:

        a.      The Court.

        b.      Attorneys representing the parties and regular employees of such attorneys assigned to and necessary to assist in the conduct of this action.

        c.      Bona fide consultants and experts retained by the attorneys for the parties, to the extent necessary for the conduct of this action.

        d.      Deponents noticed by the parties and, to the extent necessary for the conduct of this action, the court reporters at such depositions.

        e.      The parties or their officers, directors and employees, to the extent necessary for the conduct of this action.

4.      Protected Material may only be classified under paragraph 2(b) above ("CONFIDENTIAL - ATTORNEY'S EYES ONLY" material) if it is produced in response to Request for Production Nos. 13 and 28 in Case. Nos. 06-10532 and 06-10969.[1]  If Protected Material is classified under paragraph 2(b), it may only be disclosed to a person described in paragraph 3(a), 3(b), or 3(c) and to employees, agents or representatives of RKI or Defendants for the purpose of cross-examination, unless the prior written consent of the designating party, or an order of this Court, is first obtained;

5.      This Protective Order shall not constitute a waiver of the right of any party to raise or assert any defense or objection including, but not limited to, attorney-client or work product privileges or objections regarding the use, relevance, and admissibility of any documents, testimony, or information subject to this Protective Order;

6.      The terms of this Protective Order shall be binding upon the parties after the conclusion of this litigation by dismissal, settlement, entry of final judgment or other means. This Court shall retain jurisdiction to enforce the terms of the Protective Order and all persons subject to its terms expressly submit to the jurisdiction of this Court for purposes of such enforcement.

        SO ORDERED.


                          s/Donald A. Scheer
                          Donald A. Scheer
                          United States Magistrate Judge

Dated: November 22, 2006

---

[1]  No request for ATTORNEY'S EYES ONLY designation was made as to any other documents during the hearing on November 2, 2006.

**CERTIFICATE OF SERVICE**

I hereby certify on November 22, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 22, 2006.  **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217